IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE CLARK, <br> No. K57170, <br><br> Plaintiff, <br><br> vs. <br><br> D. FURLONG, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-00562-SMY <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff, Joe Clark, is an inmate currently housed in the Rushville Treatment and Detention Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the denial of dental care while he was housed at Tamms Correctional Center in this judicial district.

Plaintiff's amended complaint (Doc. 5) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

According to the amended complaint (Doc. 5), Plaintiff was housed at Tamms Correctional Center between December 7, 2005, and December 28, 2012. During that seven year period, his repeated requests to have his teeth cleaned made to the prison dentist, Dr. D. Furlong, were rejected. Dr. Furlong explained that routine dental cleaning was not provided.

Plaintiff describes his teeth becoming progressively discolored over time—"heavy, extremely dark stains" (Doc. 1, p. 4). The amended complaint also states that, in addition to not providing dental cleaning, Dr. Furlong failed to provide "necessary dental care" (Doc. 5, p. 4).

After being transferred from Tamms, Plaintiff was seen by a dentist and diagnosed with advanced periodontal disease and heavy tarter, attributed to not receiving professional cleanings for years. Plaintiff states that he has suffered "severe bone loss" (Doc. 5, p. 4). He seeks declaratory judgment and compensatory damages.

Based on the allegations in the complaint, the Court finds it convenient to frame the *pro se* action as follows:

> **Count 1: Dr. Furlong was deliberately indifferent to Plaintiff's serious medical need(s), in violation of the Eighth Amendment.**

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to

conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). More specifically, the Eighth Amendment's prohibition against cruel and unusual punishment requires the state to provide adequate medical care to incarcerated prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). However, "a prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

An inmate is not entitled to a specific treatment, or even the best care, but only reasonable measures to meet a substantial risk of serious harm. *Willis v. Washington*, 172 F.3d 54 (7th Cir. 1999) (citing *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir.1997)). Proving deliberate indifference, however, requires more than a showing of negligent or even grossly negligent behavior. *Farmer*, 511 U.S. at 835. Rather, the corrections officer must have acted with the equivalent of criminal recklessness. *Id.* at 836–37. Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006); *see also Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

A failure to provide prophylactic treatment, such as routine dental cleaning, alone, is not a violation of the Eighth Amendment. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002). However, the amended complaint describes Plaintiff's teeth becoming progressively discolored and Dr. Furlong still refusing to clean Plaintiff's teeth or provide "necessary dental care." Thus, construing the facts in the light most favorable to Plaintiff, Dr. Furlong may have been

deliberately indifferent to Plaintiff's need for treatment—begging the question whether Plaintiff's discolored teeth presented a serious medical condition.

> According to the well-respected Mayo Clinic:
>
> Periodontitis . . . is a serious gum infection that damages the soft tissue and destroys the bone that supports your teeth. Periodontitis can cause tooth loss or worse, an increased risk of heart attack or stroke and other serious health problems.
>
> Periodontitis is common but largely preventable. Periodontitis is usually the result of poor oral hygiene. Brushing at least twice a day, flossing daily and getting regular dental checkups can greatly reduce your chance of developing periodontitis.

Http://www.mayoclinic.org/diseases-conditions/periodontitis/basics/definition/con-20021679.

Therefore, at this early juncture, Plaintiff has stated a colorable Eighth Amendment claim, albeit a tenuous claim.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against Defendant **DR. D. FURLONG**.

The Clerk of Court shall prepare for Defendant **DR. D. FURLONG**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment. Plaintiff acknowledges that he is unaware of Dr. Furlong's current place of employment, since Tamms has closed. The Clerk shall, therefore, use its best efforts to identify an address for Furlong.

If the Clerk of Court cannot identify an address for Defendant Furlong, or if Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant. Depending on the circumstances, Furlong may be required to pay the full costs of

formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer cannot be located, the Illinois Department of Corrections shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.  Plaintiff's motion for leave to proceed as a pauper (Doc. 6) will be addressed by the district court in a separate order.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. §

1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 25, 2016**

s/ STACI M. YANDLE
**United States District Judge**